## New York Marine Court.

*Trial Term—November*, 1882.

## ADDISON P. SMITH *against* PHILIP TEETS AND A. ADDISON TEETS.

A person who assumes to contract as an agent must see to it that his principal is legally bound by his act; for if he does not give a right of action against his principal the law holds him personally responsible.

Upon the trial, the jury rendered a verdict in favor of A. Addison Teets, one of the defendants, and against Philip Teets, the other defendant, for $110 damages. Philip Teets moves upon the minutes to set aside the verdict rendered against him, and this is the motion to be decided.

McADAM, J.—The plaintiff proved that he was employed as a broker by the defendant to find a purchaser for the premises in question, and that he subsequently called the attention of Mr. Camp to the property, and that Camp subsequently purchased it at $11,000. It is true that Camp denies that the plaintiff induced him

to buy the property, and testifies that the purchase was induced by persons having no business connection with the plaintiff. But this denial, in view of the plaintiff's evidence, creates a question of fact upon the issue of procuring cause on which the jury have found adversely to the defendant. The circumstance that the defendant did not own the property does not absolve from liability for brokerage. He assumed to act for the owner, and as both he and the owner testified to his want of authority, the familiar rule must be applied that a person who assumes to contract as an agent must see to it that his principal is legally bound by his act; for if he does not give a right of action against his principal the law holds him personally responsible (Randall v. Van Vechten, 19 *Johns.* 63; Mawri v. Heffernan, 13 *Id.* 58; Skinner v. Dayton, 19 *Id.* 558; Mott v. Hicks, 1 *Cowen,* 536; Stone v. Wood, 7 *Id.* 454; Arfridson v. Ladd, 12 *Mass.* 174). While the evidence was not so clear as to free the case from doubt yet it was of that mixed character which forbids the court from substituting its judgment for that of the jury.

The motion for a new trial will herefore be denied, but without costs.